UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                    **Hon. Hugh B. Scott**

                        v.

                                                    07CR172S

                                                    **ORDER**

NAM HONG, et al.,

                        Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C).

The instant matters before the Court are three (Nam Hong, Manivone Miou, and David

Longboat) of the five defendants' joint omnibus motion (Docket Nos. 46[1]) seeking various relief:

 discovery, identification of informants, disclosure of Fed. R. Evid. 404(b) material and exclusion

of inadmissible evidence, search agents' personnel files, preservation of evidence, disclosure of

residual statements pursuant to Fed. R. Evid. 807, audibility hearing, and particularization.  The

moving defendants also move to preserve their right to bring motions for suppression of physical

evidence, controvert search warrants and suppress warrantless search evidence, and suppression

of statements (id.).  The Government filed a responding affidavit to this motion (Docket No. 47,

Gov't Response) and cross moved for production of discovery from defendants (id. ¶ 28).  Two

remaining defendants, Cheang Kim and Sharon Bomberry, indicated that they would not file

---

[1]In support of this motion, the moving defendants filed their attorneys' joint affidavit,
Docket No. 46.

motions at this time (see Docket No. 51).  The motions were argued and deemed submitted on

February 6, 2008, with the parties resting on their respective papers (Docket No. 54).

## BACKGROUND

This is a multiple defendant drug conspiracy case.  The Indictment alleges a single count

of these defendants conspiring to distribute 500 grams or more of methamphetamine and 3,4-

methylenedioxymethamphatime (MDMA), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846

(Docket No. 1).

## DISCUSSION

I.      Discovery Issues

Defendants each seek various items of pretrial discovery.  While noting that some

voluntary discovery has been furnished by the Government, other items have not been provided

(Docket No. 46, Defs. Attys' Jt. Aff. ¶ 4).

Although there is no general constitutional right to pretrial discovery in a federal criminal

case, a defendant does have a pretrial discovery right with respect to certain matters.  For

example, under the Fifth Amendment's Due Process Clause, a defendant is entitled to specific

exculpatory evidence which is material either to guilt or punishment.  In addition, the

Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal

Procedure and the Jencks Act, 18 U.S.C. § 3500.

A.      Brady Material

Defendants each have requested that the Government disclose all materials potentially

favorable to each of them, including information to be used for the impeachment of the

Government's witnesses, as required under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

<u>Brady</u> material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness."  <u>United States v. Kiszewski</u>, 877 F.2d 210 (2d Cir. 1989).

Defendants' motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment <u>Brady</u> materials which they seek to obtain.  The Government's written response is that it states that it presently does not have any <u>Brady</u> material but the Government acknowledges its obligations under <u>Brady</u> to produce, but does not acknowledge a constitutional right to discovery.  The Government agrees to produce <u>Brady</u> materials.  (Docket No. 47, Gov't Response ¶ 14.)  The Government included "impeachment" <u>Brady</u> material as well as exculpatory <u>Brady</u> material in its response (<u>id.</u> ¶ 16).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined <u>Brady</u>/Jencks material.  Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents

can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex.  Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for defendants to have a fair opportunity to utilize the information at trial) is sufficient in this case.

B.      Discovery

Pursuant to Rule 16(a)(1)(A), the defendants seek any written or oral statements made by the defendants which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government.  Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[2]  Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation. Clewis v. Texas, 386 U.S. 707 (1967).

In this case, the Government has represented that **it** believes that it has already disclosed all statements made by the defendants and it intends to disclose defendants' written statements pursuant to the Jencks Act (Docket No. 47, Gov't Response ¶¶ 5, 9).  To the extent that the

---

[2]Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby **directed to produce** all such statements made by the defendants.

C.      Federal Rule of Evidence 403, 404, 609 Materials

Defendants each request disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief and that the Government provide notice in advance of trial of its intentions to introduce such evidence, pursuant to Federal Rule of Evidence 404(b) (Docket No. 46, Defs. Attys' Jt. Aff. ¶¶ 28-30).   They also request disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a) (id. ¶ 34).   The Government responds that it will disclose the conviction records of witnesses and defendants' arrest records (Docket No. 47, Gov't Response ¶ 12), and will produce these records with Jencks Act material, with admissibility of such items an issue for the District Court to resolve (id. ¶ 13).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."   The Government has represented that it has provided all such material to the defendants in discovery (id. ¶ 12).   This is sufficient in this case.

D.      Identity of Informants

Defendants seek the identity of informants in order to attempt to investigate their allegations (Docket No. 46, Def. Attys. Jt. Aff. ¶¶ 15-27).   The Government declines to identify its informants, stating that defendants have not made a sufficient showing that such disclosure is essential to the preparation of their defenses or that disclosure of such information is reasonable in light of the circumstances (Docket No. 47, Gov't Response ¶¶ 10-11).

5

The Government is not required to furnish the identities of informants unless it is essential to the defense.  Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988) (id. ¶ 11).  Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial.  United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990) (id.).  The Court may order such disclosure but should do so only when "a specific showing that disclosure is both material to the preparation of the defense and reasonable in light of the surrounding circumstances," Bejasa, supra, 904 F.2d at 140 (id.).

In Bejasa, the court distinguished the situation where the undisclosed Government informant would be a surprise witness to the defense, that the defendant in that case knew of the Government witnesses and their addresses from previous encounters with them (but the Government refused to furnish their addresses and telephone numbers upon defense request), id. at 139-40.  The defendant there failed to move to compel that disclosure and did not make a "specific showing," id. at 140 (emphasis in original deleted) that disclosure of more than their identities would be material to his defense, id.  In Roviaro, the Court held that the informant was the sole witness that would amplify or contradict the government's witnesses as to defendant's conduct, 353 U.S. at 64, although Justice Clark in dissent noted that defendant knew the identity of the informant, id. at 66.

Here, there is no indication about whether informants were used or (if so) whether defendants already know who the informants are.  There is the possibility of surprise to these defendants if the Government calls these informants as witnesses.   Defendants thus have

established that the pre-trial disclosure of the identities of any informants is essential to their respective defenses.  This request is **granted**.

       E.      Early Disclosure of Jencks Act Materials

Defendants each seek early disclosure of Jencks Act materials, 18 U.S.C. § 3500, at least thirty days before trial (Docket No. 46, Defs. Attys' Jt. Aff. ¶ 41).  The Government states that it is willing to disclose written statements (Docket No. 47, Gov't Response ¶ 9).

The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.  Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial.  The defendants each have not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case.  Thus, their respective timing requests are **denied**.

       F.      Audibility Hearing

Next, defendants seek (Docket No. 46, Defs. Attys' Jt. Aff. ¶¶ 56-58) a hearing on the audibility of any tape recordings the Government intends to use at trial.  The Government does not oppose this request, although it believes that the CDs it provided were clearly audible and easily understood (Docket No. 47, Gov't Response ¶ 25).  After having an opportunity to listen to any such recordings, the defense counsel believes an audibility hearing is warranted, such a hearing will be scheduled.

       G.      Disclosure of Residual Statements

Next, defendants want disclosure of residual statements pursuant to Fed. R. Evid. 807 (Docket No. 46, Defs. Attys' Jt. Aff. ¶ 52).  The Government responds that it will indicate its

intention to use Rule 807 evidence in its pretrial memorandum (Docket No. 47, Gov't Response ¶ 26).  Such notice is sufficient and this defense motion is **denied**.

       H.     Personnel Files

Defendants seek to inspect government agents' personnel files (Docket No. 46, Defs. Attys' Jt. Aff. ¶¶ 44-47).  The Government opposes this request, stating that it is unaware of any instance of conduct in those agents' files that would provide exculpatory or favorable information to defendants (Docket No. 47, Gov't Response ¶ 17).  Defendants need to first show materiality prior to disclosure of such information (if it existed) (id.).  The Government concludes that any ambiguity could be resolved in an in camera inspection (id.).   The Government is directed to review these files to determine if Brady or Jencks material is present. Responsive information, if any, should be treated as Brady or Jencks material (as appropriate) and disclosed accordingly.  As proposed by the Government, any ambiguous items shall be submitted to the undersigned for in camera review.

II.     Bill of Particulars

All movants seek particularization of the charges against them (Docket No. 46, Defs. Attys' Jt. Aff. ¶ 43).  All moving defendants seek the names of other participants in the conduct, statements of co-conspirators, others who agreed with defendants to commit the acts alleged, other particulars (id.).

In response, the Government argues that Indictment is sufficient and bill of particulars is not warranted here.  The Government points to the voluminous discovery already produced to reveal defendants' respective roles (Docket No. 47, Gov't Response ¶¶ 18-24).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars.  Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial.  United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990).  The Government is not obligated to "preview its case or expose its legal theory" United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).  Notwithstanding the above, there is a special concern for particularization in conspiracy cases. United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).  In Davidoff, the Second Circuit stressed the need to particularize the elements of an alleged RICO conspiracy and predicate acts to forward that conspiracy, id. at 1154-55, see also id. at 1155 (Pierce, J., dissenting) (agreeing with majority if verdict was based upon predicate acts not specified in the Indictment or Bill of Particulars).  The Second Circuit, in Torres, supra, 901 F.2d at 234, affirmed the denial of bill of particulars seeking similar information about the drug conspiracy involving appellant Cruz.  Cruz had sought particularization of the date when he allegedly joined the conspiracy, the names of known and unknown conspirators, the dates and locations when Cruz allegedly transported contraband, and when he arrived at a particular address, id. at 233-34.  Then District Judge John Walker found that Cruz (and the other defendants moving for a bill) seeking a bill of particulars was an ill-disguised attempt at discovery, holding that the Indictment there alleged specific acts and that the Government's extensive discovery did not require issuance of a bill of particulars, id. at 234.

9

The Second Circuit agreed with Judge Walker's conclusions and held that denial of the bill of particulars there was within his discretion, id.

Upon review of the Indictment and the Government's response to this motion here, the Court finds that each defendant is **not entitled** to a Bill of Particulars inasmuch as they are sufficiently advised of the charges against each of them to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendants from double jeopardy. Thus, defendants' respective motions for this relief are **denied**.

III.    Suppression of Evidence

    A.    Physical Evidence

Defendants each seek to suppress physical evidence (Docket No. 46, Defs. Attys' Jt. Aff. ¶ 53, 59-60), but currently cannot effectively do so while discovery is outstanding from the Government (id. ¶¶ 53-55). They sought notice of the seized physical evidence the Government intends to use against them

The Government argues that defendants failed to make a threshold showing for suppression (save reserving their right to make a further motion for that relief) (Docket No. 47, Gov't Response ¶ 27).

This motion is **denied** without prejudice to be renewed if, upon receipt of further discovery from the Government, the motion is warranted.

    B.    Suppression of Statements

Finally, defendants seek suppression of their statements (Docket No. 46, Defs. Attys' Jt. Aff. ¶ 61). This motion also is **denied** without prejudice to be renewed if, upon receipt of further discovery from the Government, the motion is warranted.

## CONCLUSION

Based upon the above, defendants Nam Hong, Miou, and Longboat's joint omnibus motion (Docket No. 46) for a bill of particulars is **denied**; for discovery is **granted in part, denied in part** as specified above.  Movants' motion for suppression of physical evidence and statements is **denied (without prejudice to be renewed, as specified above)**.  The Government's cross-motion for discovery from defendants (Docket No. 47, Gov't Response ¶ 28) is **granted**.

SO ORDERED.

_/s/ Hugh B. Scott_
_____
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       February 29, 2008

11